2010R0556
PAUL J. FISHMAN
United States Attorney
By: EVAN S. WEITZ
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2740
Fax: 973.645.3316
evan.weitz@usdoj.gov

ELECTRONICALLY FILED

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *Plaintiff*, | Hon. Dennis M. Cavanaugh, U.S.D.J. |
| v. | |
| GAVIN GATTA | Criminal No. 10-668 |
| *Defendant*. | FIRST AMENDED PRELIMINARY ORDER OF FORFEITURE |

This matter having been opened to the Court by the United States of America (Paul J. Fishman, United States Attorney, by Evan S. Weitz, Assistant United States Attorney, appearing) for an order amending the Consent Order of Forfeiture previously entered in this action (*See* ECF Doc. # 7) to include the forfeiture of certain property of the Defendant, Gavin Gatta (hereinafter "Gatta"), as substitute property pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), and the Court having considered the submissions of counsel, and for good cause shown, the Court finds as follows:

1

**WHEREAS,** on October 7, 2010, defendant Gatta pled guilty to wire fraud in violation of 18 U.S.C. § 1343; and

**WHEREAS,** on October 7, 2010, the Court entered a Consent Order of Forfeiture for a money judgment of $22,491,323.97, which represented property constituting or derived from proceeds traceable to the offense to which defendant Gatta pled guilty; and

**WHEREAS,** the United States has since identified property of defendant Gatta available for forfeiture as substitute assets to satisfy the money judgment; and

**WHEREAS,** pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States is entitled to an order forfeiting other property of defendant Gatta as substitute property to satisfy the money judgment previously entered against defendant Gatta;

It is hereby **ORDERED, ADJUDGED, AND DECREED** that the Consent Order of Forfeiture is hereby amended to include the following property as substitute property in partial satisfaction of the outstanding money judgment:

(1) One 2009 Dodge Challenger, VIN: 2B3LJ74W79H609338;

(2) Automotive Parts, including the following:
 (a) 4 Nitto Tires w/ HRE CF40 Rims;
 (b) 4 Nitto Tires w/ HRE 590R Rims;
 (c) 4 Pirelli SL tires w/ HRE 597 Rims and misc.

|     |   |                                                                              |
|-----|---|------------------------------------------------------------------------------|
|     |   | bag of lug nuts;                                                             |
| (d) | 4 | Michelin tires w/ HRE 590 Black Rims and misc. bag of lug nuts;              |
| (e) | 4 | Michelin tires w/ HRE 590 Silver Rims and misc. Bag of lug nuts;             |
| (f) | 4 | Pirelli SL tires w/ HRE 948R Rims and misc. bag of lug nuts;                 |
| (g) | 2 | HRE 21' 948 Rims;                                                            |
| (h) | 4 | Black Ferrari center caps for California wheels;                             |
| (i) | 3 | Red Ferrari center caps;                                                     |
| (j) | 4 | Black Ferrari center caps;                                                   |
| (k) | 4 | Yellow Ferrari center caps;                                                  |
| (l) | 5 | Yellow Ferrari center caps;                                                  |
| (m) | 4 | Black Porsche center caps;                                                   |
| (n) | 4 | Falcon tires with HRE 22' rims and misc. bag of lug nuts;                    |
| (o) | 4 | boxes each with HRE P40 Rims (California);                                   |
| (p) | 4 | boxes each with HRE M40 Rims/ Ferrari 599, 3 with caps;                      |
| (q) | 8 | boxes each containing 1 HRE M40 rims for Ferrari DBS;                        |
| (r) | 1 | 3m Sun Gun Kit. Serial # AT/K090915-0013;                                    |
| (s) | 1 | Dual Quartz Light w/ stand;                                                  |
| (t) | 1 | Ferrari Emblem;                                                              |
| (u) | 1 | Aston Martin car cover w/ bag; and                                           |
| (v) | 1 | Ferrari Car Cover in Bag with 2 seat covers and 1 steerting wheel cover,     |

(hereinafter collectively "Property").

**IT IS FURTHER ORDERED** that the United States shall take any other steps deemed warranted to preserve the availability of the Property for forfeiture pending the conclusion of any third party proceedings that may be conducted in this matter pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. §

853(n); and

**IT IS FURTHER ORDERED**, pursuant to 21 U.S.C. § 853(n)(1), that the United States shall publish notice of this Order and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days; and

**IT IS FURTHER ORDERED**, pursuant to 21 U.S.C. § 853(n)(2), that any person, other than the defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **30** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property; and

**IT IS FURTHER ORDERED**, pursuant to 21 U.S.C. § 853(n)(3), that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting the petitioner's claim and the relief sought; and

**IT IS FURTHER ORDERED** that the United States may also, to

the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Amended Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**IT IS FURTHER ORDERED** that the Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said property by the United States; and

**IT IS FURTHER ORDERED** that upon the entry of this Order, the United States is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c); and

**IT IS FURTHER ORDERED**, that, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**IT IS FURTHER ORDERED** the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include additional substitute property having a value not to

exceed $22,491,323.97 to satisfy the money judgment in whole or in part;

**ORDERED** this 9 day of ~~January~~ MARCH, 2012.

_____
HONORABLE DENNIS M. CAVANAUGH
United States District Judge