2010R0556
PAUL J. FISHMAN
United States Attorney
By: EVAN S. WEITZ
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2740
Fax: 973.645.3316
evan.weitz@usdoj.gov

ELECTRONICALLY FILED

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

UNITED STATES OF AMERICA

    *Plaintiff,*

  v.

GAVIN GATTA

    *Defendant.*

Hon. Dennis M. Cavanaugh,
U.S.D.J.

Criminal No. 10-668

SECOND AMENDED PRELIMINARY ORDER
OF FORFEITURE

This matter having been opened to the Court by the United States of America (Paul J. Fishman, United States Attorney, by Evan S. Weitz, Assistant United States Attorney, appearing) for an order amending the First Amended Preliminary Order of Forfeiture previously entered in this action (*See* ECF Doc. # 23) to include the forfeiture of certain property of the Defendant, Gavin Gatta (hereinafter "Gatta"), as substitute property pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), and the Court having considered the submissions of counsel, and for good cause shown, the Court

1

finds as follows:

**WHEREAS**, on October 7, 2010, defendant Gatta pled guilty to wire fraud in violation of 18 U.S.C. § 1343; and

**WHEREAS**, on October 7, 2010, the Court entered a Consent Order of Forfeiture for a money judgment of $22,491,323.97, which represented property constituting or derived from proceeds traceable to the offense to which defendant Gatta pled guilty; and

**WHEREAS**, on March 13, 2012, the Court entered a First Amended Preliminary Order of Forfeiture for substitute property in partial satisfaction of the outstanding money judgment; and

**WHEREAS**, the United States has since identified additional property of defendant Gatta available for forfeiture as substitute assets to satisfy the money judgment; and

**WHEREAS**, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States is entitled to an order forfeiting other property of defendant Gatta as substitute property to satisfy the money judgment previously entered against defendant Gatta;

It is hereby **ORDERED, ADJUDGED, AND DECREED** that the First Amended Preliminary Order of Forfeiture is hereby amended to include the following property as substitute property in partial satisfaction of the outstanding money judgment:

(1) Wristwatch described as Anonimo-Opera, Meccana Modello 2018 Crono6copio MARK11 20 ATM- made in Italy, C.Shelby SE 023/499s;

(2) Wristwatch described as FORTIS B42 Chronograph # 1635 640.10.141 Water Resistant 20 ATM, Day Date Blue Band, (hereinafter collectively "Property").

**IT IS FURTHER ORDERED** that the United States shall take any other steps deemed warranted to preserve the availability of the Property for forfeiture pending the conclusion of any third party proceedings that may be conducted in this matter pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n); and

**IT IS FURTHER ORDERED**, pursuant to 21 U.S.C. § 853(n)(1), that the United States shall publish notice of this Order and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days; and

**IT IS FURTHER ORDERED**, pursuant to 21 U.S.C. § 853(n)(2), that any person, other than the defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **30** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the

validity of the petitioner's alleged interest in the Property; and

**IT IS FURTHER ORDERED**, pursuant to 21 U.S.C. § 853(n)(3), that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting the petitioner's claim and the relief sought; and

**IT IS FURTHER ORDERED** that the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Second Amended Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**IT IS FURTHER ORDERED** that the Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said property by the United States; and

**IT IS FURTHER ORDERED** that upon the entry of this Order, the United States is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c); and

4

**IT IS FURTHER ORDERED**, that, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**IT IS FURTHER ORDERED** the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include additional substitute property having a value not to exceed $22,491,323.97 to satisfy the money judgment in whole or in part;

**ORDERED** this 19 day of July, 2012.

HONORABLE DENNIS M. CAVANAUGH
United States District Judge

5